(*Superior Court of Cook County. In Chancery.*)

### Standard Glass Company, et al.

### vs.

### Chicago Telephone Company.

(May 29, 1907.)

1. TELEPHONE COMPANIES—RIGHT OF SUBSCRIBER TO ATTACH EXTENSIONS TO TELEPHONE. A provision in a contract between a telephone company and its subscriber that the subscriber shall not attach to the telephone company's wires any equipment or apparatus not furnished by such company, is a valid regulation and the subscriber is not justified in installing his own equipment.

2. MULTIFARIOUSNESS—JOINDER OF PARTIES AS COMPLAINANTS. To permit a number of different parties having separate interests to join there must be a unity of principle, a unity of questions involved and such a unity of facts that there is practically nothing for the court to do but to determine one set of facts.

Bill for injunction. Heard before Judge Willard M. McEwen.

### *Statement of Facts.*

The bill was filed by a large number of telephone subscribers having contracts with the defendant telephone company containing a provision as follows:

'The lessee agrees not to make, permit or use any electrical or mechanical connections, contrivances or apparatus with the lines, instruments or equipment furnished by the lessor, without the consent of the lessors.'' The bill alleged that

defendant refused to furnish extension telephones at reasonable rates and that accordingly the complainants had purchased their own extension wires and instruments and had connected the same with the lines and wires of the defendant company; that such company was threatening to terminate the contracts of complainants and to deprive them of telephone service on account of the violation of the covenant in question, which covenant was alleged to be unreasonable and void. *Ex parte* injunctions were issued.

*Beach & Beach* and *Smoot & Eyer,* for complainants and intervening petitioners.

*Holt, Wheeler & Sidley,* for defendant.

McEwen, J., (orally). I don't think it is necessary to state the questions involved arising upon the contract, because the particular question here is of the matter of extensions which are claimed to be violations of the contract. I have been greatly interested in the question of fact, whether extensions were reasonable things in the nature of attachments to facilitate the use of the telephone in the office or place of the subscribers. I am inclined to the view that upon the showing made here they are such additions to the telephone that the company has the right to insist that it may supervise the putting in of those extensions and control them in the same manner that it does all the rest of the telephones and that the clause in the contract is not unreasonable or illegal.

But there is a further question in the case which has impressed me, which I think goes to the right of the parties to maintain the case at all, and that is the question of the right of the complainants to join in this proceeding. That point was very carefully and fully argued and the growth of the law in that particular shown by the different cases. I think that the gist of them all, as applied in the present time, is that for different parties having separate interests to join, there must be a unity of principle, a unity of question involved and such a unity of facts as that there is practicaly nothing for the court to do but to determine one set of facts.

Now, in this case there is a unity of principle, there is the same question of the validity of this clause of the contract; but as to the extensions there is a separate inquiry for each extension as to its quality and its manner of putting in and its effect upon the telephone and its effect upon the system generally. So that I think the cause cannot be maintained by these several complainants, and it follows, therefore, that the intervening petition cannot be permitted. The injunctions will be dissolved and all the proceedings dismissed, intervening petition and original petition.

In the Mason and Wyman case the ruling will be the same.

### NOTE.

For a case similar to the above see *Beach et al. v. Chicago Telephone Company*, 1 Ill. C. C. 158, which is pending on appeal in the appellate court of Illinois. Upon the right of several complainants to join in one proceeding, see *Chicago Telephone Company v. Illinois Manufacturers' Association*, 106 Ill. App. 54; *City of Chicago v. Collins*, 175 Ill. 445.—Ed.